UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARVIZ KARIM-PANAHI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1095 (EGS) |
| SENATOR JOHN W. WARNER, *et al.*, | ) |
| Defendants. | ) |

### DISMISSAL ORDER

Plaintiff initially filed this civil action in the Superior Court of the District of Columbia. The federal defendants removed this action pursuant to 28 U.S.C. §§ 1441(a), 1442(a).[1]

Plaintiff, a Muslim man from Iran, is a civil engineer. *See* Compl. ¶¶ 5-6. He alleges the existence of "USA/CIA/Israeli and Corporate plans and policies to destroy Iranians and Middle-Easterners educated and professionals," in order that "Israeli-agents/Jewish-Mafia and their corporations . . . perpetuate and create their own monopoly." *Id.* ¶ 7. In addition, he contends that this "Israeli/Jewish-Mafia" exerts influence over the United States Congress, local government, and the federal judiciary. *See id.* ¶¶ 12, 18-23. In this action, he demands an order ending "pervasive vicious-cycle of Defendants' criminal operations and judicial-conspiracies against this Plaintiff," in addition to injunctive relief and monetary damages. *See* Compl. at 97-100.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S.

---

[1] Plaintiff has filed a complaint in this Court which is substantially similar, if not identical, to the instant complaint. That civil action was dismissed with prejudice as frivolous. *See Karim-Panahi v. Senator John W. Warner, et al.*, No. 06cv987 (D.D.C. May 30, 2006), *appeal docketed*, No. 06-5195 (D.C. Cir. June 30, 2006).

319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id*. at 328. Trial courts have the discretion to decide whether a complaint is frivolous, and such findings are appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than that to which formal pleadings drafted by lawyers are held. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, having reviewed plaintiff's complaint, the court concludes that both its factual contentions and legal theories are baseless. This action will be dismissed with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[2]

Accordingly, it is hereby

ORDERED that this civil action is DISMISSED WITH PREJUDICE. The consent motion for an extension of time to file an answer or other response to the complaint [Dkt. #5] is DENIED as moot. This is a final appealable Order. *See* Fed. R. App. P. 4(a).

SO ORDERED.

Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      July 19, 2006

---

[2] The Superior Court granted plaintiff's motion to proceed *in forma pauperis*.