پرویز کریم پناهی

**PARVIZ KARIM-PANAHI**
*(B.Sc., M.Sc., C.E., (Eq. Dr. Eng.), PE, RCE & LREB)*
P.O. Box 75580,   Washington, D.C. 20013
~~P.O. Box 2241638, Los Angeles, CA 90024~~
Tel./cellular: (818) 264-9486
in *pro-se*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
### 333 Constitution Avenue, N.W., Washington, D.C. 20001

| | |
|---|---|
| **PARVIZ KARIM-PANAHI,**<br>                    **Plaintiff,**<br><br>     -Vs.-<br><br>**Senator John W. WARNER;**<br>**Senate Armed Services Committee;**<br>**Senate Foreign Relations Committee;**<br>**Gen John P. ABIZAID;**<br>**L. Paul BREMER, II;**<br>**named Courts & Judges;  et al,**<br>                    **Defendants.** | **Case No.: <u>06-Civ-1095-EGS</u>**<br>**and**<br>[Case No.: 03-CV-1844-EGS]<br><br>(Judge EGS To be Disqualified and Removed) |

## MOTION that:

### U.S. District  Judge Emmet G. SULLIVAN
### To RECUSE and REMOVE Himself
### OR
### TO BE DISQUALIFIED AND REMOVED
### from Presiding over Plaintiff's Legal Actions.

**Clerk and U.S. Attorney(s) Conspiracies and Fraud**
**To Disregard Constitution, Laws and Rules**
**Destroying Records,**
**Dragging and/or sua-sponte Dismissing Legal Actions**
**To Deny Civil, Human and Constitutional Rights**
**for**
**Opposition To Corruption and**
**To Stop Israeli-Agents/ Jewish-Mafia elements**

# RECEIVED

JUL 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1          **PARVIZ KARIM-PANAHI**, in *pro-se* Plaintiff of the above titled and

2    numbered legal action in that entitled **United States of America's District Court for the**

3    **District of Columbia**, who under more than half-a-century sadistic, vicious corrupt

4    political-religious atmosphere of horrors, terrors and savageries against him as Middle-

5    Easterner, Iranian, Muslim (though not practicing), and opposed to corruption as alleged

6    and set forth in his legal actions in U.S. District Court for the District of Columbia, (and

7    other courts & internationally), actually taken "Political Prisoner-Hostage", denied the

8    most basic civil and human rights imposed by defendants of his legal actions a

9    conglomerate of certain elements of legislatures-governmental-corporate officials with

10   their instrumentalities and judiciary/ courts/ judges, acting not in accordance to

11   constitution but more as **International Organized-Crime Syndicate** under control of **Israeli**

12   **agents/ Jewish-Mafia**, destroying anyone opposed to corruption,

13   hereby files his **MOTION that:**

14         **A)**-U.S. District Judge **Edmond G. SULLIVAN** who by abuse of his

15   judicial powers and/or negligence in collaboration with Clerk of the Court

16   and United States Attorney(s) has been helping defendants of Plaintiff's legal

17   actions, some fellow judges who with disregard for constitution have

18   perpetuated torture of Plaintiff, Iranians, Middle-Easterners, Muslims, and

19   opposition, to **RECUSE** and **REMOVE** himself and/or **TO BE**

20   **DISQUALIFIED** and **REMOVED** from presiding over Plaintiff's legal actions

21   as authorized by 28 U.S.C.S. §§144, 453, 454, 455, 1915, Federal Rules of Civil Procedure.

22         **B)**- all Judge's orders, issued to disable Plaintiff to proceed on his cases,

23   prevent service of Summons and Complaint of Case No.: <u>06-CV-1095-EGS</u> on

24   named defendants, (fellow judges, governmental colleagues, and/or Jewish-

25   Mafia), dismissing the action to cover-up their violations, disregard for laws

26   and constitution, obstructing justice, to be **VACATED and SET ASIDE.**

27         **C)**- Issue **RESTRAINING & INJUNCTION ORDERS** To Provide

28   Civilized non-Coercive, judicious circumstances to proceed and prosecute. //

1  In support of the above Plaintiff states that:

2  *MEMORANDUM OF POINTS, FACTS & AUTHORITIES:*
3  **A)- POINTS-FACTS:**

4  **1- Judicial-Conditions:** During Hitler, Stalin, (even Saddam as claimed
5  by USA-Israeli officials), their policies, plans, designs, operations and crimes were
6  committed and implemented by their Armies, SS-Gestapo, and Secret-Police; but
7  here in the United States of America in the past half-a-century of the Israeli-lobby control,
8  (at least since 1953 CIA, Israeli-Agents/Jewish-Mafia Coup in Iran, then since 1967 Israeli
9  wars, and 1979 Iranians' Revolution), it is the judiciary, attorneys,  clerks, Courts/ Judges,
10 who by disregard and manipulations of Constitution and Laws of the United States of
11 America and international laws, conspiracies, fraud and intentional negligence, have been
12 committing same acts and crimes, perpetuating and legitimizing tortures, violations,
13 corruptions, committing extortions, cover-ups, etc. to enrich themselves, political-religious
14 allies, and Israeli/ Jewish-Mafia/ gangs.

15      The issue is whether there is and/or shall be any difference between the above
16 Systems and United States Judiciary/Court System/Judges?

17

18      **2- FILING LEGAL ACTIONS:**  As set forth in the Complaint, because
19 of continuing half-a-century of defendants, Israeli-agents/Jewish-Mafia, and some Courts'/
20 Judges' dishonest manipulations, pervasive bias, discriminations, retaliations and
21 dismissals, after enduring most savage physical-mental-psychological-emotional-financial
22 tortures, violations and destruction of properties, educations, family and life:

23      a- on February 11, 2003, Plaintiff was forced to file his legal action with U.S. District
24 Court for District of Columbia, in Washington D.C., short titled, *Parviz Karim-Panahi –v.-*
25 *CONGRESS, named officials, Judges, et al.*, as Case No.: **CV-03-0219-RMC**, given to
26 RMC/ Rosemary Mayers Collyer a newly appointed judge who *sua-sponte* dismissed, and
27 prevented service of Summons and Complaint.

1    -Plaintiff had filed the Case by borrowing and paid filing Fees to prevent fraudulent

2    "*Sua-Sponte*" dismissal by judges under 28 U.S.C.S. §1915 to prevent issuance and service

3    of Summons and Complaint if he had submitted affidavit for waiver of fees,

4    (as previously committed on January 21, 1993, by defendant Judge John PRATT on Case

5    No.: <u>CV-88-0084-JP</u>, (Appeal No.: 93-5012 in D.C. Circuit), after complaint and

6    affidavit were submitted in November of 1992). But

7    -again with fraudulent operations of U.S. Attorney(s), Clerks and the involved

8    judges, even by arrest and imprisonment of Plaintiff to prevent serving Summons and

9    Complaint on Defendants, the legal action was dismissed and Appeal prevented to proceed,

10    (subject of issues of Case No.: <u>06-CV-1095-EGS</u>.

11    (Plaintiff also submitted above multi-district complaint to International Criminal Court/

12    ICC. On January 02, 2003 filed it with United States District Court for Central District of

13    California in Los Angeles, docketed as  Case No.: <u>CV-03-03-CBM</u>, and filed with the

14    Superior Court of State of California for Los Angles County as Case No.: <u>BC287976</u>.

15    Then U.S. Attorney REMOVED it to the District Court filed as Case No.: <u>CV-03-804-...</u> .

16    Many judges demonstrated judicial honesty, decency and courage, self-recused themselves

17    until a U.S. District [Jewish]-Judge from Phoenix, Arizona, Earl H. CARROLL (who was

18    named party-Defendant) took over and in violation of laws and constitution dismissed it).

19    b- On September 04, 2003, by continuing discriminations, retaliations, conspiracies,

20    defrauding public-funds, etc., Plaintiff filed Case No.: <u>03-CV-1844-EGS</u>  short titled

21    *Parviz Karim-Panahi –v.- Rust, Burgess Nipple, WMATA, et al.*, with U.S. District Court for

22    District of Columbia. Case was assigned to district Judge Emmet G. SULLIVAN/ EGS,

23    who in pursuing policy of disabling Plaintiff, has dragged the case to this date.

24    This case was filed with affidavit to proceed without payment of fees. As no naming of

25    Israeli-Agents/ Jewish-Mafia was made, immediately approved and docketed.

26    c- On May 11, 2006, by continuing pervasive crimes and violations against Plaintiff,

27    he was forced to file a new legal action with Superior Court of District of Columbia, titled

28    *Parviz Karim-Panahi –v.- Senator John W. WARNER, named Clerks, Courts, Judges, et al.*,

4

1    filed as Case No.: <u>CA-04110-06</u>. This Case was filed by approval of Affidavit for non-

2    payment of costs and fees. Summons issued and some Defendants, (including U.S. Supreme

3    Court), were served with the Summons and Complaint. But

4        -On June 25, 2006, United States Attorney REMOVED the Case to U.S. District

5    Court for District of Columbia. It was filed as Case No.: <u>06-CV-1095-EGS</u>, and

6    fraudulently assigned to U.S. District Judge EGS/ Emmet G. SULLIVAN.

7        -On May 10, 2006, the above legal action with affidavit for non-payment of Fees also

8    was submitted to United States District Court for District of Columbia to be filed/docketed.

9    But by fraudulent operations of Clerk, in violation of Rule-79 of Federal Rules of Civil

10   Procedure, was not docketed until May 30, 2006, after district Judge John D. BATES

11   fraudulently *sua-sponte* dismissed it, then filed as Case No.: <u>06-CV-0987-JDB</u>,

12   (presently on Appeal No.: <u>06-5195</u> in the D.C. CIRCUIT). Also

13       -On March 1, 2006, above multi-district legal action with affidavit for non-payment

14   of Fees was submitted to United States District Court for Central District of California, Los

15   Angeles. According Ruel-79 of F.R.Civ.P. Immediately on the same day docketed by the

16   Clerk as Case No.: <u>CV-06-0892- ....</u> , (then sent for decision of affidavit).

17       The Defendants SUPREME COURT of the United States of America and other

18   served Defendants have filed Motion for "MORE DEFINIT STATEMENT.....", (caption

19   attached as <u>A-8-</u>).

20   To this date at least ten/10 Judges with judicial honesty, decency, courage, and impartiality

21   (contrary to JDB and EGS), have Self-Recused themselves from presiding over the case, to

22   demonstrate their independence and to refuse any dismissal, Case still is on-going.

23   //

5

### 3- <u>PROCEEDINGS in U.S. District Court for District of Columbia:</u>

#### A)- <u>Pervasive Conspiracies, Retaliations, Bias, .....</u>

a- Federal judges are assigned for life-time tenor to be independent, impartiality and demonstrate courage. But under control of certain elements their nomination and assignment originally are mostly depending on their devotions to protect and cover-up the Israeli-Agents/ Jewish-Mafia's crimes and extortion,
(as evidence by cases of and against this Plaintiff and Iran).

b- Judge Emmet G. SULLIVAN, by his minority statues, (African-American), according to the dreams of Martin Luther King, Jr. and braveries of Rosa Park shall implement laws and constitution to eliminate discriminations and illegal retaliations. But for his own promotion, (see 3-pages qualifications of the judge advertised on the Court's website, a copy attached as <u>A-10-/1-to-3-</u>), has been following defendants retaliations and pervasive bias against Plaintiff. His law-clerks or ...... are uninformed of the laws and procedures as evidence by orders issued).

c- Under above atmosphere of horror, terror and uncivilized conditions imposed by defendants, as set forth in Case No.: <u>03-CV-219-RMC</u>, (its appeal <u>03-5186</u>), and Case No.: <u>06-CV-1095-EGS</u>, and Case No.: <u>06-CV-0987-JDB</u>, (its appeal 06-5195),
district judge Emmet G. SULLIVAN, with pervasive judicial bias has dragged Case No.: <u>03-CV-1844-EGS</u> for four years since 2003, refusing to issue Restraining and Injunction orders to prevent complete destruction of Plaintiff. Even vacated Entry-of-Default against defendant Burgess & Nipple, Inc. and its employees, but blaming Plaintiff.

#### B)- <u>Clerk's Pervasive Conspiracies, Retaliations, Bias, Derailing Cases;<br>Complaints To Chief Judge:</u>

d- Clerks of courts have responsibility to perform duties as mandated by Rule-79 of Federal Rules of Civil Procedure, not taking side with regard to contents of legal actions. But as constantly complained of, as soon as Plaintiff's legal actions mentioned Israeli-Agents/Jewish-Mafia corruption and crimes, repeatedly and pervasively the document,

(complaints, motions, etc...), got lost and/or not filed after being submitted to Clerks of Courts, (at all levels from highest to lowest courts), derailed, hostile atmosphere created.

e- On August 29, 2003, upon continuing disrupting normal proceeding, misplacing and/or destroying documents, covering-up, subsequently derailing, hindering and blocking administration of justice, (as on Cases No.: 03-CV-0219-RMC and No.: 03-CV-1844-EGS), by Clerk of the District Court, Plaintiff asked from Chief Judge Hon. Thomas F. HOGAN, for investigations and to put an end, (a copy attached as **A-2/ 1 & 2**-).

-in response by a letter dated September 25, 2003, signed by Sheldon L. Snook, main issues were disregarded, (a copy attached as **A-1**-).

f- On NOV-07-2003, upon continuing Clerk's unlawful operations, again Plaintiff was forced to file on Case No.: 03-CV-1844-EGS, his:

> "NOTICE TO THE COURT and FOR THE RECORD:
> CLERK'S OFFICE POLICIES and OPERATIONS UNINTENTIONALLY and/or INTENTIONALLY DE-RAILING and HINDERING/ OBSTRUCTING ADMINSTRATION OF JUSTICE........."

Docketed as item-39, (a copy of Caption attached as **A-3**-).

But district Judge Emmet G. SULLIVAN with bias ignored. Clerk's office continued their operations, losing and/or not filing and docketing Plaintiff's court papers. then

g- As from September 25, 2003, alleged and set forth in Case No.: 06-CV-1095-EGS, (and 06-CV-0987-JDB and CV-06-0892-...), to prevent Plaintiff to prosecute and proceed with his legal actions, with direct conspiracies of certain congressional, U.S. Attorney(s) and Judges, cases fabricated against Plaintiff was imprisoned for seeking administration of justice under "the same freedom, democracy and justice promised to Iraqis and people of Middle-East", claiming "Disruption of Congress", (even shameful in Hitler's era).

h- After three years delays and objections of Plaintiff, finally judge Sullivan set Case No.: 03-CV-1844-EGS on his calendar, issued an order Dismissed most of causes of actions.

i-On APR-27-2006, Plaintiff filed his "Motion for Reconsideration" and "Response To The Court Order, cd-72". But Clerk stamped RECEIVED, but again did not file the document, and lost it.

j- At MAY-09-2006, Statues-Conference, Plaintiff objected to above, and submitted a copy of confirmed stamped "<u>RECEIVED on APR-27-2006</u>" of his document to the Judge.

-finally on MAY-31-2006, (after 5-weeks), Clerk filed the documents (with out of sequence Docket numbers cd- <u>80</u> and <u>81</u>). Then immediately on 06-01-2006, Motion Denied.

## C)- <u>Judge Attacking Plaintiff in a Strings of Retaliations for Asking To Implement F.R.Civ.P.</u>

k- On May-11-2006, Plaintiff filed another "Opposition to Clerk's Office Continuing Operations Derailing Plaintiff's Cases, Not Filing, Losing, ….), on 03-CV-1844-EGS. But to this date `never filed and not docketed, (a copy of its caption attached as <u>A-4-</u>).

l- On June 15, 2006,  United States Attorney REMOVED Case No.: <u>CA-04110-06</u> from Superior Court of District of Columbia to the U.S. District Court for District of Columbia, which again fraudulently the Clerk without random assignment assigned the Case to Judge Emmet G. SULLIVAN, and Case No: <u>06-CV-1095-EGS</u> opened.

m- On June 25, 2006, ALAN BURCH,  an Assistant United States Attorney, filed his

"CONSENT MOTION TO ENLARGE TIME TO FILE ANSWER OR OTHER WISE RESPOND TO COMPLAINT", but

by fraud and conspiracy, to give the District Judge Emmet G. SULLIVAN order to dismiss, without ever asking or notifying Plaintiff, had attached to his Motion a copy of "MEMORANDUM OPINION", (copy attached as <u>A-5-/1-&-2-</u>), and "DISMISSAL ORDER" on Plaintiff Case No.: <u>06-CV-0987-JDB</u>, signed on May 24, 2006 by District Judge John D. BATES, who had unlawfully dismissed the action.

n- On June 29, 2006, another Statues-Conference on Case <u>03-CV-1844-EGS</u> was held before Judge Emmet G. SULLIVAN, but

instead with absolute bias, disregarding impartiality of the judiciary/court, and without authority, or without any notice and inquiry, on behalf of the Clerk the Judge severely attacked Plaintiff, for his asking implementing Rule-79 of F.R.Civ.P.

Out of boundary of Judicial power, in direct violation of U.S. Constitution and Laws, the judge even directly threatened Karim-Panahi that he will order that Plaintiff not to be

1    allowed to enter the Courthouse. (Plaintiff tried to get transcript of the proceeding, but his

2    phone calls to Court Reporter has remained unanswered. To be attached as **A-6-**). Then

3          o- On July 19, 2006, by issuing exactly the same wordings of Judge John D. BATES'

4    "Memorandum Opinion", (A-5-/1-&-2), Judge Emmet G. SULLIVAN    issued

5    "DISMISSAL ORDER" of Case No.: <u>06-CV-1095-EGS</u>, (a copy attached as **A-7-/1-&-2-**),

6    proving  Plaintiff's experience that courts being run as judicial-syndicates-gang with lack

7    of any respect for the U.S. laws and constitution.

8          p- even Supreme Court of the United States and its justices in pleading  on the same

9    legal action filed as Case No.: CV-06-0892-----, (paragraph c  above), have not asked for

10    "Dismissal", but for "MORE DEFINIT STATEMENT", (copy of caption attached,  **A-8-**).

11

12    # B- AUTHORITIES and Argument:

13

14    ## -28 U.S.C.S. §§453, Judicial Oaths of Justices and Judges:

15    Judges have taken judicial oath of office according to 28 U.S.C.S. §§453, so that:

16
17          "to administer justice without respect to persons, and do equal right to the
18          poor and to the rich, and that faithfully and impartially discharge and
19          perform all the duties incumbent upon him/[her] as judge under the
20          Constitution and laws of the United States."

21    -Judge Emmet G. SULLIVAN (and other named defendants judges) has/(have)

22    violated the above oath and is/(are) subject to DISQUALIFICATION and REMOVAL

23    from presiding over Plaintiff's Cases. In that fraudulently with disregard and

24    manipulating laws and rules committed bias and discrimination with respect to the

25    Plaintiff's person, for his opposition to judicial-governmental-corporate corruption, and

26    for his national origin/Iranian, religion/Muslim, race/Middle-Easterner, that by on-going

27    propaganda are issues of every day,  as terrorists, etc.

9

1    ## *-28 U.S.C.S. §§455, Disqualification of Justices and Judges:*

2    28 U.S.C.S. §§455, states that,

3

4    "(a) Any justice, judge, or magistrate of the United States shall disqualify
5    himself/[herself] in any proceeding in which his/[her] impartiality might
6    reasonably be questioned.
7    (b) He/[she] shall also disqualify himself/[herself] in the following
8    circumstances:
9    (1) Where he/[she has a personal bias or prejudice concerning a party,....
10   (2) Where in private practice he/[she served as lawyer..
11   (3) Where he/[she] served in governmental employment ....
12   (4) He/[she] knows that he/[she], individually or as a fiduciary, or his spouse
13   or minor child .... has a financial interest in the subject matter in controversy
14   or in a party to the proceeding, or any other interest that could be
15   substantially affected by the outcome of the proceeding;
16   (5)- He/[she] or his/[her] spouse ..."

17

18   This section also applies to Judge Emmet G. SULLIVAN, (and all other named Defendant

19   Judges, and those unnamed); because

20   -first:  in Plaintiff's cases proceeding, because of the Judge's acts, the Judge

21   Sullivan's impartiality is reasonably and appropriately questioned;

22   -second: as set forth above the Judge has personal bias against Plaintiff and in favor

23   of other parties;

24   -third: financial interests of the judges are substantially affected by the outcome of

25   proceedings of this Plaintiff's cases;

26   -fourth: a simple review of the judge's qualifications/ resume advertised on the

27   Court's web-site, (A-10-/1-to-3-), indicate that all defendants of Case 06-CV-1095-EGS,

28   (including Annice WAGNER, former Chief Judge of the District of Columbia Court of

29   Appeals, and others named…..), have been private partners and/or colleagues of Judge

30   Sullivan that completely clouds any chance of the Judge's impartiality.

31   fifth- additionally, under present circumstances, judges are beneficiaries of

32   violations, crimes, extortions, …, that salaries, benefits, pensions, perks … paid by these

33   operations, enriching them unjustifiably. That Plaintiff's cases oppose it.

1     That is why Plaintiff has also asked for International Jury not beneficiaries of the

2     Defendants' corruptions, crimes and thieveries.

3          -and many more………

4              *- 28 U.S.C.S. §§144, Bias or prejudice of Judges:*

5     28 U.S.C.S. §§144, states that,

6

7          "Whenever a party to any proceeding in a district court makes and files a

8          timely and sufficient affidavit that the judge before whom the matter is

9          pending has a personal bias or prejudice either against him or in favor of any

10         adverse party, such judge shall proceed no further therein ......, "

11          As asserted and indicated, this motion and all of its contents and statement

12     shall be considered affidavit of this in <u>pro-se</u> Plaintiff. Evidenced by his legal actions and

13     their results, the courts/judges have pervasively been biased and prejudice against Plaintiff

14     himself, his ethnicity and his opposition to corruption, as by Israeli-Agents/ Jewish-Mafia,

15     in favor of the adverse parties, with substantial personal and family interests.

16

17            *- 28 U.S.C.S. §§454, Practice of law by Justices and Judges:*

18     28 U.S.C.S. §§454 states that:

19

20          "Any justice or judge appointed under the authority of the United States who

21          engages in the practice of law is guilty of a high misdemeanor."

22

23     The order of judges in preventing issuance and service of SUMMONS and then dismissing

24     the action(s) without allowing the adverse parties/defendants to file their pleadings are

25     practicing law in favor of the adverse party. The judges and Judge E. G. SULLIVAN have

26     been acting as the "in-fact attorney/ counsel" for Defendants.

27     Also in this case, Order-of-Dismissal shall also be considered judicial disguise as payback

28     for judge's selection and appointment by legislative-governmental Defendants

29          Based on the above laws, even without Plaintiff filing any Motion to

30     disqualify, U.S. District Judge Emmet G. SULLIVAN (and others), should had issued

31     SELF-RECUSAL Order and disqualified himself.

32

1    REMOVAL of Plaintiff's Complaint from Superior Court of District of Columbia

2    (Case No.: CA-04110-06), to United States District Court for District of Columbia,

3    creating Case No.: 06-CV-1095-EGS, by Assistant United States Attorney Allan BURCH,

4    (who even under the name of Justice Department of Government of the United States of

5    America, falsely files "CONSET MOTION"), was not done to administer justice, but to

6    prevent serving of the Summons already issued on the remainder of Defendants, because of

7    assurance of protection and cover-ups by judges of the district court.

8    Judge Emmet G. SULLIVAN clearly by his order has indicated lack of

9    independence and lack of impartiality, and shall proceed no longer on Plaintiff's legal

10    actions. The Judge shall RECUSE himself or to be DISQUALIFIED and REMOVED.

11

12    ## C)- TO SET ASIDE VOID ORDER OF DISMISSAL,

13    ## PROVIDE CIVILIZED-JUDICIOUS ATMOSPHERE AND

14    ## DECENT LIVING CONDITION TO PROCEED:

15    As set forth the DISMISSAL ORDER on Case No.: 06-CV-1095-EGS, (and

16    Orders issued on Case No.: 03-CV-1844-EGS), are issued under prevailing uncivilized,

17    non-judicious and fraudulent conditions are VOID to be VACATED and SET-ASIDE.

18    It is the courts'/judges' responsibility to provide civilized, decent, and

19    judicious atmosphere and conditions that Plaintiff be able to proceed and to seek

20    administration of justice.

21    Plaintiff does not have any Army and/or do not possess Weapons of Mass-Destruction to

22    force to implement such civilized conditions.

23    Judges are not appointed to convert the courts to racketeering enterprise to destroy

24    any opposition to corruption, extortions, and thieveries from public funds by certain

25    corporate-governmental elements and Israeli-agents/Jewish-Mafia, and enrich themselves,

26    family, cronies and allies, as committed in past decades against this Plaintiff in particular

27    and Iranians, Middle-Easterners, Muslims, educated and professionals in general, and then

28    claim they are administering justice.

## CONCLUSION:

1

2        Minority-judges, (as African-American), in the sprit of the dreams of Martin

3  Luther KING, Jr. and exceptional braveries of Rosa PARK shall try to implement the laws

4  and constitution to provide civil and human rights, eliminate discriminations, and

5  administer justice; but not in the manner of Tutsis and Hutsis savageries in collaboration

6  with other elements abuse judicial powers, disregard laws and constitution.

7        It is written that doctors/ physicians at Abu-Gharaib and Guantanamo Bay Prisons

8  have collaborated to torture detainees and prisoners to humiliate and crush.

9  Real tortures are repeatedly and constantly committed by courts and judges against this

10 Plaintiff for filing petitions and complaint seeking relief for redress of grievances.

11       Operations of judges on cases of this Plaintiff seeking justice, constant dismissals of

12 his legal actions, not even allowing to get to preliminary discovery, refusing providing him

13 with civilized and judicious atmosphere have nothing to do with implementation of the laws

14 and constitution and judicial duties; but the naked fact of acting out of law..........

15       As set forth above district Judge Emmet G. SULLIVAN, (and others ............),

16 shall Self-RECUSE or to be DISQUALIFIED and REMOVED; and ORDERS issued to be

17 VACATED and Set-a-Side; restraining and injunction orders against Defendants, their

18 attorneys, U.S. Attorneys, ...issued; and co-counsel to be appointed on the case.//

19       Notice: If under any rules requiring affidavit of a party, this motion and its contents

20 and statements shall be considered AFFIDAVIT of this in *pro-se* Plaintiff.//

21 Dated: July  25, 2006

22 *Still to this date Dismissal Order of 06-CV-1095-EGS*      RESPECTFULLY SUBMITTED,

23 *Signed, entered and docketted on 7-19-06*  Plaintiff, in pro-se,

24 *with copying has not been served*

25 *on plaintiff to pass Appeal deadline*

26        *07-26-06*      PARVIZ KARIM-PANAHI

27

28 Attachment: A-1- to A-10-  (15 – Pages).

# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W., Room 4106
Washington, D.C. 20001

Sheldon L. Snook
Administrative Assistant
to the Chief Judge

(202) 354-3320
Fax (202) 354-3412

September 25, 2003

Mr. Parviz Karim-Panah
P.O. Box 75580
Washington, DC 20013

Dear Mr. Karim-Panah:

This is in response to your August 29, 2003, letter to Chief Judge Thomas F. Hogan regarding your complaint about the operations of the Clerk's Office.

It is my understanding that your initial complaint, including a motion to proceed *in forma pauperis*, was accepted by the Clerk's Office and, in accordance with the Office's standard procedures, referred to a judge for a preliminary decision on the *in forma pauperis* motion. If the judge approves the motion, the Clerk's Office will issue a case number. If the judge denies the motion, your documents will be returned to you, and you may re-file the complaint if accompanied by the requisite filing fee.

If you have any additional questions, please refer to the District Court's local rules or visit our website at: www.dcd.uscourts.gov

Sincerely,

Sheldon L. Snook

*A-1-*

پرویز کریم‌پناهی

## PARVIZ KARIM-PANAHI
P.O. BOX 75580
Washington, DC 20013
Tel./Cellular: (818) 633-5557

Dated: August 29, 2003

To:
**The Honorable Thomas F. HOGAN,** Chief Judge,
United States District Court for                   *CC:  the clerk*
The District of Columbia Circuit                  *Nancy Mayer-Whittington,*
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866                  *Fax: (202)-354-3023*
Fax: (202) 354-3422/ Tel: (202) 354-3420

Re:      *Case No.: 03-Civ-0219-RMC,*
           *Parviz Karim-Panahi –v– CONGRESS, Judiciary/ Judges, et al.*
           *and*
           *New Case Submitted.*

Subject:   *Clerk's Office Illegal Operations, Conspiracies, Cover-ups …*
           *Violations of F.R.Civ.P. Rules, Refusal To Provide Docketing No.,*
           *and Arbitrary Operations as wished.*

The Honorable Court, Chief Judge:

It is not only the convicted ISRAELI SPY Jonathan J. POLLARD, to appear in the first
week of September before that entitled court, who under control of Israeli-Agents/ Jewish-
Mafia was committing treason, providing and selling the United States Armed Forced/
Navy secrets to them;

unfortunately as the legal actions of this Plaintiff in the past several decades in the United
States of America's Judiciary and Court system, including Case No.: <u>**03-Civ-0219-RMC**</u>,
_**Parviz Karim-Panahi v. CONGRESS, named Courts/Judges,**_
_**Israeli Government, et al**_ in that entitled Court and many more, are evidence, they
have control over many courts/ judges and even the administrative and Clerks Offices of
many Courts, disrupting normal proceedings, misplacing and destroying documents,
creating commotions, subsequently hindering and blocking administration of justice and
covering-up Israeli/ Jewish-Mafia and their Corporate crimes, thieveries and corruptions,
that repeatedly have been used against legal actions of this Plaintiff in every court that he
has filed actions.

*A- 2/1*

On the above indicated and numbered legal action in that entitled court, the Clerk office first refused to issue a SUMMONS or a COPY of the SUMMONS addressed to MULTIPLE DEFENDANTS as directed and required by Rule 4(b) of the Federal Rules of Civil Procedure/ F.R.Civ.P., and then with collusion were not timely mailing the Court's documents/orders, and/or were not filing Plaintiff's papers submitted on time, or allowing the Judge/RMC who had lost her Jurisdiction at least after Plaintiff submitted his NOTICE-OF-APPEAL on July 18, 2003, to issued additional orders, subsequently the Clerk's Docket Sheets Entries not indicating the actual true times and dates of entries of the documents, but manipulated and fraudulent dates, (which are all subject of appeal on fraudulent operations of court/judge).

These arbitrary performance acting not according to the rules and laws, but wishes of certain elements and supervisors, et al. in the Clerk office of that entitled Court, are also extended to a new Legal Action that I submitted for filing on Monday 25, 2003, *Parviz KArim-Panahi –v.- Patton Harris Rust & Associates; Burgess & Niple; METRO, et al.*, with request for non payment of filing fee with its affidavit, as required by 28 U.S.C. §1915(a)(1).

-Whereas I as Plaintiff in pro-se in accordance to Rule 3 of the F.R.Civ.P. "COMMENCED" my Complaint against the Defendants by submitting it to the Clerk Office for Filing, but the Clerk Office managements/supervisors, despite repeated requests arbitrarily refuse to file and provide a docketing Case number.
They state that I should wait at least 4-to-6 weeks before they decide to file it or not!.

-As practiced by other U.S. District Courts and required by rules, upon above submittal a docketing Case Number shall be assigned to the case, indicating the time and date of filing of the Legal Action.

-Subsequent Decision/Order of the Court/Judge to grant or deny the request/motion has no bearing of filing and providing the docket Case Number.
If granted, case is filed and docketed. If denied, then plaintiff has the option to pay the filing fee or to Appeal; which in any case there shall be a Case number.

The above Clerk's office arbitrary delay in filing and providing Case number could create many confusions and harms too, including if the statutes-of-limitation would be an issue.

Order for immediate issuance of Case Number on the above Legal Action, and investigation of the Clerk's Office operations, which have resulted in disruption of my cases and denials or delay in administration of justice, are REQUSTED.


Respectfully Submitted,
Plaintiff in pro-se

Parviz Karim-Panahi

A-2/2

پرویز کریم‌پناهی

**PARVIZ KARIM-PANAHI**
**P.O. BOX 75580**
**WASHINGTON, D.C. 20013**
**Tel./cellular: (818) 633-5557**
**In pro-se**



# UNITED STATES DISTRICT COURT
## for the
## DISTRIOCT OF COLUMBIA
### 333 Constitution Avenue, N.W., Washington, D.C. 20001

| | |
|---|---|
| **PARVIZ KARIM-PANAHI,** | **Case No.: 03-Civ-01844-EGS** |
|            **Plaintiff(s),** | |
|     **-Vs.-** | **NOTICE TO THE COURT and FOR THE RECORD:** |
| **Patton Harris, Rust & Associates, pc;** | |
| **Thomas D. RUST, Chairman of the Board;** | **CLERK'S OFFICE POLICIES and OPERATIONS** |
| **Jeffrey E. FRANK, President;** | **UNINTENTIONALLY and/or** |
| **John D. VERGERES,** | **INTENTIONALLY DE-RAILING** |
|     **director of Geotechnical and** | **and HINDERING/OBSTRUCTING** |
|     **Material Testing Laboratory ;** | **COURSE OF ADMINISTRATION** |
| **Jennifer SHANNON;** | **OF JUSTICE.** |
|     **director of Human Resources;** | |
| **Lila TRIPLET, secretary;** | |
| | **REQUEST VACATING the:** |
| **and** |     **-ORDER of DENIAL of** |
| **BURGESS & NIPLE, Inc.;** | **JUDGMENT-BY-DEFAULT** |
| **Catherine W. RING,** | **against BURGESS & NIPLE, Inc.,** |
|     **Mid-Atlantic Rep.;** | **and CATHRINE W. RING; and** |
| |     **-ORDER OF FILING** |
| **and** | **OPPOSITION To Their Motion To** |
| **Washington Metropolitan Area Transit Authority/ WMATA-METRO;** | **Dismiss.** |
| **et al.;** | |
|          **Defendants.** | |

*A-3-*

**PARVIZ KARIM-PANAHI**
(B.Sc., M.Sc., C.E., (Eq. Dr. Eng.), PE, RCE & LREB)
P.O. BOX 75580, WASHINGTON, D.C. 20013
P.O. BOX 2241638, LOS ANGELES, CA 90024
Tel./cellular: (818) 264-9486
in *pro-se*



## UNITED STATES DISTRICT COURT for
## the DISTRICT OF COLUMBIA
### 300 Constitution Avenue, N.W., Washington, D.C. 20001

| | |
|---|---|
| **PARVIZ KARIM-PANAHI,**<br>**Plaintiff,**<br>-Vs.-<br><br>**PATTON, HARRIS, RUST & Associates;**<br>**BURGESS & NIPLE, LP, INC.;**<br>**Washington Area Metropolitan Transit**<br>**Authority/ WMATA; et al,**<br>**Defendants.** | **Case No.: <u>03-civ-1844-EGS</u>** |

## OPPOSITION TO CLERK'S OFFICE CONTINUING
## OPERATIONS DERAILING PLAINTIFF'S CASE(S),
## NOT FILING/ DOCKETTING AND/OR
## LOSING SUBMITTED DOCUMENTS.


## REQST ORDER FOR INVESTIGATION.


A- 4-

FILED

MAY 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PARVIZ KARIM-PANAHI,                    )
                                        )
    Plaintiff,                         )
                                        )
    v.                                 )    Civil Action No.  **06  0987**
                                        )
SENATOR JOHN W. WARNER, *et al.*,       )
                                        )
    Defendants.                        )

### MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted but the complaint will be dismissed.

Plaintiff, a Muslim man from Iran, is a civil engineer. *See* Compl. ¶¶ 5-6. He alleges the existence of "USA/CIA/Israeli and Corporate plans and policies to destroy Iranians and Middle-Easterners educated and professionals," in order that "Israeli-agents/Jewish-Mafia and their corporations . . . perpetuate and create their own monopoly." *Id.* ¶¶ 6, 7. In addition, he contends that this "Israeli/Jewish-Mafia" exerts influence over the United States Congress, local government, and the federal judiciary. *See id.* ¶¶ 12, 18-23. In this action, he demands an order ending "pervasive vicious-cycle of Defendants' criminal operations and judicial-conspiracies against this Plaintiff," in addition to injunctive relief and monetary damages.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only

A- 5/1

claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. Trial courts have the discretion to decide whether a complaint is frivolous, and such findings are appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than that to which formal pleadings drafted by lawyers are held. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, having reviewed plaintiff's complaint, the court concludes that both its factual contentions and legal theories are baseless. The Court therefore will dismiss the complaint.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
United States District Judge

DATE: *May 24, 2006*

*A-5/2*

## CASE NO.: 03-CV-11844-EGS
### *Parviz Karim-Panahi –v.- Rust, Burgess & Nipple, WMATA, et al.*

**COURT REPORTER TRANSCRIPT OF**
**STATUES CONFERENCE HEARING**
**ON JUNE 29, 2006**

**Regarding:**
**U.S. DISTRICT JUDGE EMMET G. SULLIVAN**
**WITHOUT AUTHORITY & JURISDCITION**
**PROTECTING CLERK IN VIOLATING**
**RULE 79 F.R.Civ.P.**
**THREATENING PLAINTIFF/ PARVIZ KARIM-PANAHI**
with
**ISSUING [ILLEGAL] ORDER**
**PREVENTING HIM EVEN TO ENTER TO THE DISTRICT COURT**

**Attachment: A -6-**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PARVIZ KARIM-PANAHI,                       )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )        Civil Action No.  06-1095 (EGS)
                                           )
SENATOR JOHN W. WARNER, *et al.*,          )
                                           )
          Defendants.                      )

## DISMISSAL ORDER

Plaintiff initially filed this civil action in the Superior Court of the District of Columbia.

The federal defendants removed this action pursuant to 28 U.S.C. §§ 1441(a), 1442(a).[1]

Plaintiff, a Muslim man from Iran, is a civil engineer. *See* Compl. ¶¶ 5-6.  He alleges the

existence of "USA/CIA/Israeli and Corporate plans and policies to destroy Iranians and Middle-

Easterners educated and professionals," in order that "Israeli-agents/Jewish-Mafia and their

corporations . . . perpetuate and create their own monopoly." *Id.* ¶ 7.  In addition, he contends

that this "Israeli/Jewish-Mafia" exerts influence over the United States Congress, local

government, and the federal judiciary. *See id.* ¶¶ 12, 18-23.  In this action, he demands an order

ending "pervasive vicious-cycle of Defendants' criminal operations and judicial-conspiracies

against this Plaintiff," in addition to injunctive relief and monetary damages. *See* Compl. at 97-

100.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim

upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).  In *Neitzke v. Williams*, 490 U.S.

---

[1]     Plaintiff has filed a complaint in this Court which is substantially similar, if not
identical, to the instant complaint.  That civil action was dismissed with prejudice as frivolous.
*See Karim-Panahi v. Senator John W. Warner, et al.*, No. 06cv987 (D.D.C. May 30, 2006),
*appeal docketed*, No. 06-5195 (D.C. Cir. June 30, 2006).

*A- 7/1*

319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only

claims based on an indisputably meritless legal theory, but also claims whose factual contentions

are clearly baseless. "[A] complaint, containing as it does both factual allegations and legal

conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325.

Claims describing fantastic or delusional scenarios fall into the category of cases whose factual

contentions are clearly baseless. *Id.* at 328. Trial courts have the discretion to decide whether a

complaint is frivolous, and such findings are appropriate when the facts alleged are irrational or

wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The court is mindful that complaints filed by *pro se* litigants are held to less stringent

standards than that to which formal pleadings drafted by lawyers are held. *See Haines v. Kerner*,

404 U.S. 519, 520 (1972). Nonetheless, having reviewed plaintiff's complaint, the court

concludes that both its factual contentions and legal theories are baseless. This action will be

dismissed with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[2]

Accordingly, it is hereby

ORDERED that this civil action is DISMISSED WITH PREJUDICE. The consent

motion for an extension of time to file an answer or other response to the complaint [Dkt. #5] is

DENIED as moot. This is a final appealable Order. *See* Fed. R. App. P. 4(a).

SO ORDERED.

Signed:    EMMET G. SULLIVAN
           United States District Judge

Dated:     July 19, 2006

---

[2]    The Superior Court granted plaintiff's motion to proceed *in forma pauperis*.

*A- 7/2*

```
 1   DEBRA WONG YANG
     United States Attorney
 2   LEON W. WEIDMAN
     Assistant United States Attorney
 3   Chief, Civil Division
     ROBERT I. LESTER (CBN 116429)
 4   Assistant United States Attorney
         300 North Los Angeles Street, Rm. 7516
 5       Los Angeles, California  90012
         Phone:  (213) 894-2464
 6       Fax:    (213) 894-7819
         robert.lester@usdoj.gov
 7
     Attorneys for Defendant
 8   Supreme Court of the United States

 9
                     UNITED STATES DISTRICT COURT
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
11
     PARVIZ KARIM-PANAHI,          ) No. CV 06-C892-GAF(AJWx)
12                                 )
              Plaintiff,           ) NOTICE OF MOTION AND
13                                 ) MOTION OF DEFENDANT
          v.                       ) SUPREME COURT OF THE
14                                 ) UNITED STATES FOR:
     JOHN W. WARNER; SENATE ARMED SERVICES )
15   COMMITTEE; RICHARD G. LUGAR; SENATE )
     FOREIGN RELATIONS COMMITTEE; BILL FRIST; )   1) A MORE DEFINITE
16   DIANNE FEINSTEIN; BARBARA BOXER; )          STATEMENT;
     TOM LANTOS; HENRY A. WAXMAN; MEL LEVINE; )
17   HOWARD BERMAN; BRAD SHERMAN; PATRICIA )  2) ▆▆▆▆▆▆▆▆▆▆
     MACK BYRAN; MORGAN J. FRANNKEL; THOMAS )  ▆▆▆▆▆▆▆▆▆▆▆▆
18   E. CABALLERO; HOUSE OF REPRESENTATIVES )  ▆▆▆▆▆▆▆▆▆▆▆▆
     GENERAL COUNSEL; TERRENCE W. GAINER; )     ▆▆▆▆▆▆▆▆▆▆▆▆
19   JOHN M. McGOWAN; MARY TURNER; JAMES )      ▆▆▆▆▆▆▆▆▆▆▆;
     PUNDY; ROBERT MARCELLO; TOMOTHY JONES; )
20   MILLER; CAPITOL POLICE GENERAL COUNSEL; )
     UNITED STATES DEFENSE DEPARTMENT; )   MEMORANDUM OF POINTS
21   JOHN P. ABIZAID; L. PAUL BREMER, III )  AND AUTHORITIES;
     THOMAS MATHEW ROMERO; U.S. ARMY CRIMINAL )
22   INVESTIGATION DIVISION; STEVEN K. )
     KAUFMAN; JUDICIARY/COURTS/CLERKS/JUDGES ) EXHIBITS.
23   OF THE UNITED STATES OF AMERICA; )
     UNITED STATES ATTORNEYS OF THE U.S. )
24   DEPARTMENT OF JUSTICE; KENNETH L. )
     WAINSTEIN; STEVEN K. KAUFMAN; JOHN R. ) DATE:  May 1, 2006
25   FISHER; R. CRAIG LAWRENCE; UNITED STATES ) TIME:  9:30 a.m.
     DISTRICT COURT FOR DISTRICT OF )          CTRM:  Judge Feess
26   COLUMBIA ROSEMARY MEYER COLLYER; et al., )
     et al.,                       )
27                                 )
              Defendants.          )
28   _____)
```

A- 8-

# olicy Rewrite Reveals
# ift in Administration

## Officials Split on Treatment of Detainees

JEFFREY SMITH
ONATHAN WEISMAN
*gton Post Staff Writers*

ee days of congressional testi-
this week by senior Bush admin-
on officials about U.S. treatment
ainees in the war on terrorism
nade clear that the administra-
mains deeply divided on the is-
d unsure how to replace a key
that the Supreme Court de-
illegal two weeks ago.

ragency divisions normally kept
from public view have been on
al display as officials from the
Department and the Pentagon
ffered starkly different accounts
administration's reaction to the
opinion, baffling members of
ess and other interested parties
U.S. intentions.

testimony has shown that the
Department — which had in-
on the legality of the existing
— is eager to sharply limit the
t of the Supreme Court's deci-
vhile military lawyers and some
Pentagon officials are celebrat-
as a vindication of their long-
oncerns about U.S. detainee pol-

conflicting testimony followed
ay's announcement of a Penta-
olicy to follow Geneva Conven-
requirements granting basic hu-
and legal protections to all
ism suspects in U.S. custody.
d members of Congress said
ad been told that the dispute will
resolved for some time.

issue is how to repair the hole
in administration policy by the
me Court's double-barreled June
ique of orders signed by Bush in
nd 2002. The Bush orders held
rrorism suspects are not subject
protections of an international
governing wartime detentions
se they are not part of a regular
They also established a system
itary tribunals to assess detain-
ilt and mete out punishments.

court held that, contrary to
orders, the government must
he demands of a 56-year-old in-
ional treaty, Common Article 3
Geneva Conventions, that de-
s "shall in all circumstances be
humanely" and without "out-
upon personal dignity" such as
ating and degrading treatment
though the suspects are not

regular soldiers and may routinely
mistreat their own captured soldiers.
It also said the military tribunals, as
formulated by the Pentagon under
White House guidance, were illegal.

Senate Armed Services Committee
chairman John W. Warner (R-Va.),
who yesterday opened a series of con-
gressional hearings meant to produce
new legislation on the issue, said at
the outset that "the eyes of the world
are upon us, and we must set the stan-
dards."

But Warner added that National Se-
curity Adviser Stephen J. Hadley and
White House legal counsel Harriet
Miers told him recently that "there
were some honest differences . . . as to
approach within the administration,"
and no uniform position will be
reached before next week.

The dispute now being waged over
detainee treatment is the latest flower-
ing of tensions that have persisted for
more than three years, as officials from
different departments have tried to
reconcile a long history of U.S. sup-
port for humane treatment of detain-
ees with pressures to use extraordi-
nary means to acquire intelligence
from suspected terrorists who might
pose large risks to civilians.

Some of the administration's more
conservative appointees, including
Steven G. Bradbury, the Justice De-
partment Office of Legal Counsel's act-
ing chief, have been openly scornful of
the Supreme Court's opinion, and sug-
gested writing new legislation that
would narrowly construe U.S. detain-
ee treatment obligations and clearly
exempt U.S. personnel from criminal
liability if they violate Common Arti-
cle 3.

Other officials, including top mil-
itary lawyers at the Defense Depart-
ment who testified at Warner's hear-
ing yesterday and policymakers at the
State Department, have solidly backed
the Supreme Court's decision that pre-
vious administration legal reasoning
on the issue — supported by Chief Jus-
tice John G. Roberts while serving on
an appellate court in a June 2005 opin-
ion — was "erroneous."

"I do agree with the reinforcement
of the message that Common Article 3
is a baseline standard. And I would say
that, at least in the United States Army
— and I'm confident in the other ser-
vices — we've been training to that
standard and living to that standard
since the beginning of our Army, and



BY MELINA MARA — THE WASHINGTON POST

**From left, Friar Louis Vitale and Toby Biome, of San Francisco, stand in protest yesterday during the Senate Armed Services Committee hearing. "The eyes of the world are upon us, and we must set the standards," Chairman John W. Warner said.**

we continue to do so," said Major Gen.
Scott C. Black, judge advocate general
of the Army.

Black's testimony contrasted with
Bradbury's testimony before House
and Senate committees on Tuesday
and Wednesday that the Supreme
Court had overturned a U.S. detainee
policy that the administration consid-
ered settled in 2002 and reaffirmed in
legislation passed last year that was
meant to obviate any Supreme Court
objections.

"The United States has never before
applied Common Article 3 in the con-
text of an armed conflict with in-
ternational terrorists," Bradbury com-
plained, adding that this was not
foreseen by those who drafted the Ge-
neva Conventions. The "application of
Common Article 3 will create a degree
of uncertainty for those who fight to
defend us from terrorist attack," rais-
ing the possibility of felony prosecu-
tion for violators, Bradbury said.

Bradbury also expressed concern
that foreign interpretations of the
meaning of Article 3 might unduly
hamper U.S. conduct and urged legis-
lation that would insulate the govern-
ment from that consequence. The mil-
itary lawyers, in contrast, testified that
it was appropriate to consider foreign
interpretations and that U.S. conduct
must in any event follow a higher stan-
dard of conduct than other nations.

Sen. Lindsey O. Graham (R-S.C.)
said in an interview that he is optimis-
tic that a consensus will be formed on
new legislation. "The current situation
is terrible," he said. "We don't have the
legal infrastructure in place that will
effectively prosecute people, and our
image has suffered."

Senate Majority Leader Bill Frist
(R-Tenn.) said he still believes tribunal

legislation could be ready for passage
by early September. Indeed, House
Armed Services Committee Chairman
Duncan Hunter (R-Calif.) said a quick
compromise based on the president's
initial tribunal structure could be
amended to the annual defense policy
bill and passed before the August re-
cess.

But Hunter said administration offi-
cials asked him to slow down the proc-
ess to allow for more deliberation. "At
end of the day, the administration isn't
going to say, 'Let's bet on a 50-50 prop-
osition on tribunals and hope it
doesn't get struck down again' " by the
Supreme Court, said a senior Senate
Republican aide. "They will want this
to hold."

Several members of Congress ex-
pressed concern that political postur-
ing on the issue will become fierce in
the meantime.

The Republican aide complained in
particular about testimony Wednesday
by Daniel J. Dell'Orto, the Pentagon's
principal deputy general counsel, who
complained about soldiers having to
read Miranda rights when they knock
down doors in Afghanistan or fill out
paperwork before seizing a laptop
computer.

Similar concerns about "Miranda"
warnings were expressed yesterday by
White House spokeswoman Dana Pe-
rino while traveling with Bush in Ger-
many en route to the Group of Eight
summit in Russia.

But Graham said rhetoric involving
Miranda was inappropriate because
the policy at issue primarily concerns
how to conduct interrogations of de-
tainees.

*A-9*

*Staff writer Peter Baker in Germany
contributed to this report.*

Judge Emmet G. Sullivan

# Judge Emmet G. Sullivan



Photo: Beverly Rezneck

Chambers: (202) 354-3260

Courtroom Deputy:
Carol Votteler (202) 354-3152

Court Reporter:
Elaine Merchant (202) 289-1571

Click Here to go to Judge Sullivan's Webpage.

Judge Emmet G. Sullivan was born in Washington, D.C. and attended public schools in the District of Columbia until his graduation from McKinley High School in 1964. In 1968, he received a Bachelor of Arts Degree in Political Science from Howard University and, in 1971, a Juris Doctor Degree from the Howard University School of Law. Upon graduation from law school, Judge Sullivan was the recipient of a Reginald Heber Smith Fellowship and was assigned to the Neighborhood Legal Services Program in Washington, D.C., where he worked for one year. The following year, he served as a law clerk to Superior Court Judge James A. Washington, a former professor and Acting Dean of Howard University School of Law.

In 1973, Judge Sullivan joined the law firm of Houston & Gardner. He subsequently became a partner and was actively engaged in the general practice of law with that firm until August 1980, when his partner, William C. Gardner, was appointed as an Associate Judge of the Superior Court of the District of Columbia. Thereafter, Judge Sullivan was a partner in the successor firm of Houston, Sullivan & Gardner.

While in private practice, Judge Sullivan was a member of a number of bar associations, court advisory, and rules committees. He was admitted to practice law before the United States Supreme Court, the United States Court of Appeals for the District of Columbia Circuit, the United States District Court for the District of Columbia, the United States Court of Military Appeals, the United States Tax Court, and the District of Columbia Court of Appeals. He was a perennial voting delegate to the Circuit Judicial Conference and the District of Columbia Judicial Conference. He served on the Board of Directors of the District of Columbia Law Students in Court Program; the District of Columbia Judicial Conference Voluntary Arbitration Committee; the Nominating Committee of the Bar Association of the District of Columbia; and the U.S. District Court Committee on Grievances. Judge Sullivan has also taught as an adjunct professor at the Howard University School of Law and has served as a member of the visiting faculty at Harvard Law School's Trial Advocacy Workshop. He is a member of the National Bar Association, The Washington Bar Association, the District of Columbia Bar and The Bar Association of the District of Columbia.

A- 10-/1

Judge Emmet G. Sullivan

Upon his appointment by President Ronald Reagan to the Superior Court of the District of Columbia on October 3, 1984, Judge Sullivan became the ninth lawyer from the Houston firm to become a judge. The eight judges who preceded him were: Annice Wagner, former Chief Judge of the District of Columbia Court of Appeals; William B. Bryant, former Chief Judge of the United States District Court for the District of Columbia; Theodore R. Newman, Jr., former Chief Judge of the District of Columbia Court of Appeals; the late William H. Hastie, former Chief Judge of the United States Court of Appeals for the Third Circuit; the late Juanita Kidd Stout, former Chief Judge of the Supreme Court of Pennsylvania; the late Joseph C. Waddy, United States District Judge for the District of Columbia; the late William C. Gardner, Associate Judge of the Superior Court of the District of Columbia; and the late Margaret Haywood, Associate Judge of the Superior Court of the District of Columbia. Following Judge Sullivan's appointment to the Superior Court, Wendell P. Gardner, Jr., was appointed to that Court as an Associate Judge. In 1992, the Houston firm celebrated its 100th anniversary and presently maintains offices in Washington, D.C..

As an Associate Judge of the Superior Court, Judge Sullivan was one of only seven judges in the twenty-four year history of that court to have served full-time in every division. He served as the Deputy Presiding Judge and Presiding Judge of the Probate and Tax Divisions, as well as chairperson of the Rules Committee for those divisions. He was also a member of the Court Rules Committee and the Jury Plan Committee that drafted the current Jury Plan/System for Superior Court. Judge Sullivan is featured as the Judge in two juror orientation movies, one which is shown daily to all prospective jurors in the Superior Court of the District of Columbia; the second movie, produced by the Council for Court Excellence, is used as a learning tool in high schools across the country in an effort to educate students about their future responsibilities as jurors. Judge Sullivan is also featured as the Judge in a training film for the Probation and Pretrial Services Divisions of the Administrative Office of the United States Courts.

On November 25, 1991, Judge Sullivan was appointed by President George Bush to serve as an Associate Judge of the District of Columbia Court of Appeals. While an Associate Judge of that court, and in addition to his full-time case management responsibilities, Judge Sullivan was Chairperson for the Nineteenth Annual Judicial Conference of the District of Columbia which was held in June 1994. The theme for the conference was "Rejuvenating Juvenile Justice

A- 10-/2

Responses to the Problems of Juvenile Violence in the District of Columbia." On September 28, 1994, Judge Sullivan was appointed by Chief Judge Wagner to chair the "Task Force on Families and Violence for the District of Columbia Courts."

On June 16, 1994, Judge Sullivan was appointed by President William Clinton to serve as United States District Judge for the District of Columbia. Upon his appointment as a United States District Judge, Judge Sullivan became the first person in the District of Columbia to have been appointed by three United States Presidents to three judicial positions.

Judge Sullivan is a former member of the Board of Directors and Executive Committee of the Council for Court Excellence and is a founding and current Director of the Frederick Abramson Memorial Foundation. The Abramson Foundation awards annual scholarships to District of Columbia high school graduates and fellowships to lawyers committed to working in the public interest. Judge Sullivan has previously served as a Commissioner on the District of Columbia Judicial Disabilities and Tenure Commission and currently serves as Chair of the District of Columbia Judicial Nomination Commission. The Nomination Commission recommends candidates to The President for judicial appointment to the District of Columbia Superior Court and Court of Appeals and also appoints the Chief Judges for both courts. Judge Sullivan currently serves on the Committee on Criminal Law of the Judicial Conference of the United States, and chairs that committee's Legislative Subcommittee. In that capacity, he has testified before Committees of the United States House of Representatives on behalf of the Judicial Conference. Judge Sullivan has also served on the Dean Search Committee for the Howard University School of Law. His service on that committee culminated with the appointment of Kurt Schmoke, by President Patrick Swygert, to serve as the current Dean of the School of Law.

Judge Sullivan is the recipient of many honors, including the Thurgood Marshall Award of Excellence awarded by the Howard University Alumni Association, and the Howard University Distinguished Alumni Award, awarded by the President and Board of Trustees of Howard University. He has also been recognized for his achievements by the District of Columbia Public School System, the Judicial Administration Division of the American Bar Association, and The District of Columbia Judicial Disabilities and Tenure Commission.

A-10-/3

*PARVIZ KARIM-PANAHI*
P.O. BOX 75580,  Washington, DC 20013
P.O. BOX 241638, Los Angeles, CA 90024
Tel./cellular: (818) 264-9486

## PROOF OF SERVICE:

|  |  |
|---|---|
| **PARVIZ KARIM-PANAHI,** | before the: **United States District Court** |
|                 **Appellant/ Plaintiff,** | **District of Columbia** |
|    -v.- |  |
|  | **Case No.:  06-Civ-1095-EGS** |
| **Senator John W. WARNER,** | (REMOVED from D.C.  Superior Court |
|            **Appellees/Defendants.** |   Case No.: **CA-4110-06)** |

---

I, the undersigned, certify and declare that I am over the age of 18 years, that

On   July 2 6   , 2006,  I served a true copy of:

## MOTION that U.S. District Judge Emmet G. SULLIVAN
## TO RECUSE and REMOVE Himself OR TO BE DISQUALIFIED AND
## REMOVED From Presiding over Plaintiff's Legal Action's ..........

By personally    delivering /   mailing* /  Faxing**  it to the persons Listed below:

> Kenneth L. WAINSTEIN, United States Attorney
> ALAN BURCH,  Assistant U.S. Attorney,  Civil Division;
> Office of the United States Attorney,
> 555 4th Street, N.W. ,  Washington, D.C. 20530
> Fax : (202) 514-*8780*  Tel: (202) 514-7204

I declare under penalty of perjury that the foregoing is true and correct.

Signature.

---

## ACKNOWLEDGEMENT OF SERVICE/ RECEIPT:

I, _____, acknowledge receiving a true copy of the within document.

On _____, 2006.

Signature,

For: _____