UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PARVIZ KARIM-PANAHI, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-1095 (EGS) |
| JOHN W. WARNER, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR RECUSAL**

This matter is before the Court on plaintiff's motion for recusal. Upon careful consideration, the motion will be denied.

A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge shall disqualify herself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[1] The standard for disqualification under Section 455 is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality. *See In re Brooks*, 383 F.3d 1036, 1043 (D.C. Cir. 2004); *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam).

In this case, plaintiff evidently equates unfavorable decisions with bias against him on the basis of his race and national origin. A judge's legal decisions are almost never grounds for a

---

[1] The Court concludes that none of the other bases for recusal, *see* 28 U.S.C. § 455(b)(2)-(5), is applicable.

claim of bias or impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cotton v. Washington Metro. Area Transit Auth.*, 264 F.Supp.2d 39, 42 (D.D.C. 2003) (denying motion for recusal where "claim of bias is predicated entirely upon the [magistrate judge's] rulings with respect to the conduct of discovery in the instant action, and rulings regarding discovery and other issues in three other actions filed by Plaintiffs' counsel").

Further, plaintiff fails to set forth sufficient facts or circumstances demonstrating personal bias or prejudice. His statements are, at best, general and conclusory. Bald allegations of bias and prejudice, such as those presented in the instant motion, are insufficient. *See Sec. and Exchange Comm'n v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (recusal not warranted where party neither alleges that judge "relied on something other than the evidence before him, nor [alleges] that the rulings reflect the kind of 'extreme' bias that could provide a basis for recusal"); *Karim-Panahi v. U.S. Congress, Senate and House of Representatives*, 105 Fed. Appx. 270, 275 (D.C. Cir. 2004) (discerning no abuse of discretion absent factual allegations or evidence supporting claim of judge's bias or prejudice, or rational basis for questioning her impartiality).

Accordingly, it is hereby

ORDERED that plaintiff's motion for recusal [Dkt. #8] is DENIED.

SO ORDERED.

                           Signed:        EMMET G. SULLIVAN
                                                United States District Judge

                           Dated:        January 19, 2007